NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TRANXITION, INC., a Delaware corporation,**
*Plaintiff-Appellant*

v.

**LENOVO (UNITED STATES) INC., a Delaware corporation,**
*Defendant-Appellee*

**NOVELL, INC.,**
*Defendant-Appellee*

---

2015-1907, -1941, -1958

---

Appeals from the United States District Court for the District of Oregon in Nos. 3:12-cv-01065-HZ and 3:12-cv-01404-HZ, Judge Marco A. Hernandez.

-------------------------------------------------------------------------------

**TRANXITION, INC., a Delaware corporation,**
*Plaintiff-Appellee*

v.

**NOVELL, INC., a Delaware corporation,**
*Defendant-Appellant*

---

2015-2017

---

Appeal from the United States District Court for the District of Oregon in No. 3:12-cv-01404-HZ, Judge Marco A. Hernandez.

---

**ON MOTION**

---

Before LOURIE, DYK, and HUGHES, *Circuit Judges*.

DYK, *Circuit Judge*.

# O R D E R

Novell, Inc. moves for partial dismissal of Tranxition, Inc.'s appeal. Tranxition opposes the motion and argues that Novell's cross-appeal is improper.

Tranxition sued Novell, alleging infringement of two patents. Novell filed counterclaims, asserting generally that the patents were invalid. In October 2014, the district court issued an order that construed several claim terms and declined to hold that any of the terms are indefinite, though Novell had urged such a result.

Ultimately, the district court concluded that the patents failed to satisfy 35 U.S.C. § 101, and entered judgment in favor of Novell on its counterclaims for invalidity.* Both Tranxition and Novell have appealed. Tranxition appeals from the final judgment and from the

---

\* In the above-noted companion case filed by Tranxition in the same district court against Lenovo (United States) Inc., the court granted summary judgment on section 101 grounds, and then applied collateral estoppel in this case.

October 2014 claim construction order. Novell cross-appeals from the portion of the claim construction order on indefiniteness.

Tranxition requests that this court dismiss Novell's cross-appeal concerning indefiniteness because it merely offers an alternative ground for affirming the district court's invalidity judgment. Novell responds that under *Minnesota Mining and Manufacturing Co. v. Chemque, Inc.*, 303 F.3d 1294, 1309 (Fed. Cir. 2002) ("*3M*") and other cases, the cross-appeal is proper because changing the basis for invalidity would modify the judgment.

This court repeatedly has held that an argument merely raising an alternative ground for affirmance is not the subject of a proper cross-appeal. *See, e.g., Elan Corp., PLC v. Andrx Pharms., Inc.*, 366 F.3d 1336, 1340 (Fed. Cir. 2004); *Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247, 1252 (Fed. Cir. 2004) (claim construction argument not an issue properly raised on cross-appeal); *Summit Tech., Inc. v. Nidek Co.*, 363 F.3d 1219, 1222–23 (Fed. Cir. 2004). We thus dismiss, though Novell may raise indefiniteness on appeal.

Novell, for its part, contends that Tranxition's appeal as to the district court's claim construction ruling is improper because the judgment, on section 101 grounds, "does not depend on the district court's interpretation of claim terms." Novell has not shown that partial dismissal is proper. We therefore deny its motion without prejudice to raising its arguments in its briefs.

Accordingly,

IT IS ORDERED THAT:

(1) Novell's motion to dismiss is denied.

(2) 2015-2017, Novell's cross-appeal, is dismissed.

(3) Each party shall bear its own costs in 2015-2017.

    (4) The revised official caption for 2015-1907, -1941, and -1958 is reflected above.

For the Court

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s31