# Arent Fox

**Arent Fox LLP** / Attorneys at Law
Los Angeles, CA / New York, NY / San Francisco, CA / Washington, DC
www.arentfox.com

August 3, 2016

**Arthur S. Beeman**
415.757.5516 DIRECT
415.757.5501 FAX
arthur.beeman@arentfox.com

*VIA CM/ECF*

Honorable Peter R. Marksteiner
Circuit Executive and Clerk of the Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, DC  20439

Re:    *Tranxition, Inc. v. Lenovo (United States) Inc.*, Case No. 15-1907-CB

Dear Col. Marksteiner:

Pursuant to F.R.A.P. 28(j) and leave of this Court (Dkt. No. 93), appellant Tranxition addresses *Bascom Global Internet Services, Inc. v. AT&T Mobility LLC*, No. 2015-1763 (Fed. Cir. June 27, 2016).

*BASCOM* teaches that a court's inventive concept analysis requires more than identifying isolated claim elements as "conventional" or "obvious" because "an inventive concept can be found in the non-conventional and non-generic arrangement of known, conventional pieces." *BASCOM*, at *6.

In this appeal, the District Court committed the same error as the lower court in *BASCOM*: failing to find an inventive concept by only analyzing elements in isolation.[1]  Under *BASCOM*, if the Patents-in-Suit are found to be abstract and this Court advances to step two of *Alice*, the ordered combination of elements supplies an inventive concept because the claims improve upon what was previously done and improve computer functionality by resolving computer-specific design limitations.

Tranxition's briefs detail the clear presence of inventive concepts claimed in the Patents-in-Suit – individually and as an ordered combination – that the District Court ignored.  (*See* Opening Br. at 38, 47-52, 54-57; Reply Br. at 20-21.)  Specifically, they include transitioning computer personality using a Personality object and dynamic rules responding to the extant personality of

---

[1] The District Court, like in *BASCOM*, also substituted Section 101 analysis for Section 103 obviousness analysis. *See* Order at 25-28 [D.E. 294].

**Arent Fox**

Honorable Peter R. Marksteiner
August 3, 2016
Page 2

source and target computers when they are run.  *See BASCOM*, at *6, 7 ("dynamic" and "efficient" patent eligible).  These inventive concepts teach programmatic methods that use a Personality object designed to directly manipulate settings where they are stored.  (*See* Opening Br. at 45.)  Where conventional techniques would require a one-to-one mapping for each setting replicated on a target computer, the invention discloses an improved technique of a one-to-many relationship between a transitionary Personality object and the settings on the source and target computers.  (*See id.* at 45, 55; Reply Br. at 21.)

By disclosing non-conventional and non-generic arrangements of elements, the Patents-in-Suit improve computer functionality and, perhaps more so than the invention in *BASCOM*, contain inventive concepts.  *See BASCOM*, at *6.

Respectfully submitted,

*/s/ Arthur S. Beeman*

Arthur S. Beeman

cc:     All counsel of record (via CM/ECF)

## CERTIFICATE OF SERVICE

I certify that on August 3, 2016, the foregoing **Letter Regarding Citation of Supplemental Authority** on counsel of record by electronic mail.

                                     _/s/　Arthur S. Beeman_
                                     Arthur S. Beeman
                                     Attorney for Appellant