MASCHOFF BRENNAN
LAYCOCK GILMORE
ISRAELSEN & WRIGHT
INTELLECTUAL PROPERTY AND COMPLEX LITIGATION

435.252.1360 main
435.252.1361 fax
www.maschoffbrennan.com

L. Rex Sears
rsears@mabr.com

August 8, 2016

Peter R. Marksteiner
Circuit Executive and Clerk of the Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

Re: *Tranxition Inc. v. Lenovo (United States) Inc. and Novell, Inc.*, Case Nos. 15-1907, -1941, -1958

Dear Mr. Marksteiner:

Defendant-appellee Novell, Inc. replies as follows to plaintiff-appellant Tranxition, Inc.'s August 3, 2016 letter addressing *Bascom Global Internet Services, Inc. v. AT&T Mobility LLC*, No. 2015-1763 (Fed. Cir. June 27, 2016) (Doc. 94).

*Bascom* is an *Alice*-step-two case, and more specifically an ordered-combination case. As explained by *Electric Power Group, LLC v. Alstom S.A.*, No. 2015-1778 (Fed. Cir. Aug. 1, 2016), *Alice* step one "look[s] at the 'focus' of the claims, their '''"character as a whole"''"— while step two "look[s] more precisely at … the claim elements," "scrutiniz[ing]" them "more microscopically." *Id.* at 6, 8. But Tranxition's letter does not quote or cite to *any* specific claim elements, let alone scrutinize them. Instead Tranxition's letter indiscriminately directs the reader to 14 pages of Tranxition's earlier briefs—which likewise fail to scrutinize the claim language, though they occasionally quote it.

According to Tranxition, its claims cover a "transitionary Personality object," having "a one-to-many relationship" with "settings on the source and target computers," "to directly manipulate settings where they are stored." But the briefing cited as "evidence" (Tranxition references no *claims*) does not support those contentions. Moreover, as Novell showed at page 4 of its supplemental *Enfish* brief (Doc. 88), Tranxition's fancifully titled "personality object" is merely a pedestrian compilation of information about where to find other information, recited in only a handful of dependent claims; and the claims are not directed to manipulating settings *where stored*.

*Electric Power* reaffirmed that because information is intangible, collecting, analyzing, and passing it along are abstract ideas, *see id.* at 7; and transforming such processes into patent-eligible subject matter requires more than "off-the-shelf … technology," *id.* at 10. *Electric Power* distinguished the claims in *Bascom* as requiring "an arguably inventive distribution of functionality within a network." *Id.* Like the claims invalidated by *Electric*





*Power*, and unlike those upheld by *Bascom*, Tranxition's claims and its vaunted personality object "specify what information … it is desirable to gather, analyze," and pass along—but without requiring "use of anything but entirely conventional, generic technology" to do it. *See Electric Power* at 11. Therefore this Court should affirm.

Sincerely,

MASCHOFF BRENNAN

*L. Rex Sears*