# Arent Fox

Arent Fox LLP / Attorneys at Law
Los Angeles, CA / New York, NY / San Francisco, CA / Washington, DC
www.arentfox.com

September 16, 2016

**Arthur S. Beeman**
Partner
415.757.5516 DIRECT
415.757.5501 FAX
arthur.beeman@arentfox.com

VIA CM/ECF

Honorable Peter R. Marksteiner
Circuit Executive and Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

Re: *Tranxition, Inc. v. Lenovo (United States) Inc.*, Case No. 15-1907-CB

Dear Col. Marksteiner:

Pursuant to F.R.A.P. 28(j), appellant Tranxition addresses *MCRO, INC., DBA PLANET BLUE v. BANDAI NAMCO GAMES AMERICA INC.*, No. 2015-1080 (Fed. Cir. September 13, 2016).

In this appeal, the District Court committed the precise error described in *McRO* (at *21[1]): it oversimplified the claims by looking at them too generally and thereby failing to account for the specific requirements of the claims. (*See* JA0011.) Like the claims in McRO's patents, the claims in the Patents-in-Suit are limited to rules with specific characteristics. For example, dependent claim 2 of the '877 Patent claims "the method of claim 1 where the provided configuration information is stored in a personality object." "Personality object," as construed by the District Court, contains "multiple transition rules for locating configuration settings." (Claim Construction Order at 12.) Additionally, claim 30 is limited to "information about locating configuration settings" – i.e., a genus of transition rules. As the "transition rules" enable effective automation of animation in *McRo*, transition rules enable specific applications of transitioning computer personality in the Patents-in-Suit.

Further, in *McRO*, this Court rejected unsupported arguments similar to those the District Court below erroneously accepted as undisputed fact, noting that "Defendants provided no evidence that the process previously used by animators is the same as the process required by the claims." *See McRO*, at *24, 26. Likewise, here, there is no evidence in the record defining so-called "manual migration" as the same processes claimed in the Patents-in-Suit. Quite to the contrary, the Patents-in-Suit claim an entirely new and specific solution to the problems actually caused by

---

[1] This Court also noted that "claim construction is helpful to resolve the question of patentability under § 101." *Id.* at *18. Correcting the District Court's improper claim construction is part of Tranxition's appeal because the District Court's overly-narrow construction contributed to the errors in its Section 101 analysis.

555 West Fifth Street, 48th Floor     1675 Broadway                55 Second Street, 21st Floor      1717 K Street, NW
Los Angeles, CA 90013-1065           New York, NY 10019-5820       San Francisco, CA 94105-3470      Washington, DC 20006-5344
T 213.629.7400  F 213.629.7401       T 212.484.3900  F 212.484.3990   T 415.757.5500  F 415.757.5501   T 202.857.6000  F 202.857.6395

**Arent Fox**

Honorable Peter R. Marksteiner
September 16, 2016
Page 2

so-called "manual migration." (*See* JA2529-30, ¶ 5; JA3171-72, ¶¶ 4-6, 11.)  Further, this specificity ensures that, contrary to Appellees' argument, Tranxition's patents will not preempt all processes for the transitioning of computer personality.

Sincerely,

*/s/ Arthur S. Beeman*

Arthur S. Beeman


cc:     All counsel of record (via CM/ECF)