MASCHOFF BRENNAN
LAYCOCK GILMORE
ISRAELSEN & WRIGHT
INTELLECTUAL PROPERTY AND COMPLEX LITIGATION

435.252.1360 main
435.252.1361 fax
www.maschoffbrennan.com

L. Rex Sears
rsears@mabr.com

September 20, 2016

Peter R. Marksteiner
Circuit Executive and Clerk of the Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, N.W.
Washington, DC  20439

   Re:  *Tranxition Inc. v. Lenovo (United States) Inc. and Micro Focus Software, Inc.*, Case Nos. 15-1907, -1941, -1958

Dear Mr. Marksteiner:

  Defendant-appellees Micro Focus Software, Inc. and Lenovo (United States) Inc. hereby reply to plaintiff-appellant Tranxition, Inc.'s September 16, 2016 letter (Doc. 105) addressing *McRO, Inc. v. Bandai Namco Games America Inc.*, No. 2015-1080 (Fed. Cir. Sept. 13, 2016).

  *McRO* is inapposite. *McRO* found no excessive preemption by an invention with "specific, limited mathematical rules" that "define morph weight sets as a function of the timing of phoneme sub-sequences"—because it left open "many other possible approaches to automating lip synchronization using rules." *McRO* at 24, 22, 26. The *focus* of Tranxition's patents, by contrast, is not on *any* rules, let alone rules sufficiently specific or "unconventional" to "improve [an] existing technological process," *cf. McRO* at 24. See JA0090-91, JA0261-63; *see also* Doc. 42 at 26-27; Doc. 43 at 18-20.

  Indeed Tranxition's *independent* claims do not mention "rules" at all. Tranxition's letter references the "personality object" introduced by a *dependent* claim ('877 patent, claim 2), which the district court construed as an object "contain[ing] 'multiple transition rules for locating configuration settings.'" But Tranxition's principal briefing argues against that construction, insisting that "personality object" means "an object containing *information* related to the *collection* of configuration settings," Doc. 35 at 18 (italics added)—instead of *rules* for *locating* configuration settings. And even the district court's interpretation does not ascribe any "specific, limited mathematical rules" to the personality object. "Preparing configuration settings for transfer" is all the method of claim 1 does, and that is an abstract idea—even if done using "configuration information … stored in a personality object," as recited in claim 2. *See* JA0090 at 17:28-29, 63-64.

  Tranxition complains, "there is no evidence … defining so-called 'manual migration' as the same processes claimed in the Patents-in-Suit." As previously shown, that is false. *See*

1389 Center Drive, Suite 300  201 South Main Street, Suite 600  20 Pacifica, Suite 1130
Park City, Utah 84098  Salt Lake City, Utah 84111  Irvine, California 92618



Doc. 42 at 29-33. Moreover *McRO*'s concern is not whether a manual process is replicated, in every detail, but whether the claims leave open other ways to automate a task otherwise done manually. *See McRO* at 26.

      Like each other case Tranxition cites, *McRO* does not support Tranxition's positions but instead buttresses the district court's summary judgment.

                                      Sincerely,

                                      MASCHOFF BRENNAN

                                      *L. Rex Sears*